IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRETT SCOTT, | § | |
| | § | No. 424, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1706021079(K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted:  June 26, 2024
Decided:    August 12, 2024

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

On this 12th day of August 2024, after consideration of the parties' briefs and the record below, it appears that the Superior Court's order[1] adopting the Commissioner's report denying Brett Scott's motion for postconviction relief on the basis of the court's determination that "trial counsel for Mr. Scott was not deficient as contemplated by *Strickland* [*v. Washington*]"[2] should be affirmed.

We reject, however, the Commissioner's apparent finding—and the Superior Court's adoption of it—that Scott's ineffective assistance of counsel claim was

---

[1] *State v. Scott*, 2023 WL 6940982 (Del. Super. Oct. 20, 2023).

[2] *Id*. at *2; *Strickland v. Washington*, 466 U.S. 668 (1984).

procedurally barred under Superior Court Criminal Rule 61(i)(3).[3] In *Green v. State*,[4] this Court clarified that post-conviction ineffective-assistance-of-counsel claims are not subject to Rule 61(i)(3)'s procedural bar. And since *Green*, the commissioners' recommendations, to the extent they have suggested to the contrary, have been consistently rejected.[5] We struggle to understand why this issue recurs.

NOW, THEREFORE, IT IS ORDERED that the Superior Court's judgment is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[3] In her report, the Commissioner found that "Scott has failed to avoid the procedure bars of Superior Court Criminal Rule 61(i)." *Id.* at *7. It can be inferred from her analysis that the procedural bar applied is Rule 61(i)(3), as the Commissioner specifically found that Rule 61(i)(1) and (2) did not apply, did not cite or reference Rule 61(i)(4) at any point, and used the language of procedural default throughout her report. *Id.* at *4–6.

[4] 238 A.3d 160, 175 (Del. 2020).

[5] *See Kimbrough v. State*, 2024 WL 1847998, at *2 (Del. Apr. 26, 2024) (ORDER) (rejecting Superior Court commissioner's recommendation that a claim of ineffective assistance of counsel was procedurally defaulted); *accord Rochester v. State*, 278 A.3d 1148, 2022 WL 2093033, at *2 (Del. June 9, 2022) (ORDER); *Palmer v. State*, 274 A.3d 1019, 2022 WL 871024, at *1 (Del. Mar. 23, 2022) (ORDER); *Stanley v. State*, 273 A.3d 275, 2022 WL 518460, at *2 (Del. Feb. 21, 2022) (ORDER); *State v. Adams*, 2023 WL 6566923, at *2 (Del. Super. Oct. 9, 2023), *aff'd*, 2024 WL 1987058 (Del. 2024); *State v. Harris*, 2021 WL 4281303, at *2 (Del. Super. Sept. 21, 2021), *aff'd*, 2022 WL 1086965 (Del. 2022).